UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ERIC MONTANEZ**, <br><br> Plaintiff, <br><br> vs. <br><br> **ERNESTO SALINAS, ET AL.**, <br><br> Defendants. | **2:21-CV-11645-TGB-KGA** <br><br><br> **ORDER PARTIALLY DISMISSING CLAIMS** |

## I.  INTRODUCTION

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983.  Michigan prisoner Eric Montanez, confined at the St. Louis Correctional Facility, alleges facility staff violated his Eighth Amendment and First Amendment rights during several prison cell searches that resulted in broken property in March and April of 2020, which he alleges were done to harass and retaliate against him for filing grievances.  ECF No. 1, PageID.5-7, 10.  He names Inspectors Ernesto Salinas and Brandon Hull, Corrections Officers San Pedro Salinas and A. Myers, Warden Robert Vashaw, Assistant Deputy Wardens Christopher Lamentola and Andrew Dyer, Deputy Warden Becky Carl, Resident Unit Manager Wendy Walworth, and Assistant Resident Unit

Supervisor John Jacobs as the defendants in this action and sues them in their official and individual capacities. *Id*. at PageID.2-4. Plaintiff seeks injunctive relief and monetary damages. *Id*. at PageID.15. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. ECF No. 5.

Having reviewed the matter, and for the reasons stated herein, the Court concludes that the civil rights complaint must be dismissed in part and that an appeal cannot be taken in good faith.

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. §1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, or employees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

A *pro se* civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant unlawfully harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*,

583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

Despite the liberal pleading standard afforded *pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to summary dismissal in part. First, Plaintiff's claims against defendants Vashaw, Lamentola, Carl, Walworth, Jacobs, and Dyer are based upon their supervisory roles over other defendants and must be dismissed. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Thus, to the extent that Plaintiff alleges that the foregoing defendants, or any others, should be liable for another individual's conduct, he fails to state a claim upon which relief may be granted. Any assertion that one or more of the defendants failed to supervise an employee, should be vicariously liable for an employee's conduct, and/or did not sufficiently

4

respond to the situation is insufficient to state a claim under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).

Second, to the extent that Plaintiff asserts that one or more of the defendants, namely defendants San Pedro Salinas, Vashaw, Lamentola, Carl, Walworth, Jacobs, and Dyer, violated his constitutional rights by denying his grievances or complaints, he fails to state a claim for relief. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). To the

extent that Plaintiff is dissatisfied with the investigation of his complaints and/or the responses to his grievances, he fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).

Third, to the extent that Plaintiff alleges that the defendants violated Michigan Department of Corrections ("MDOC") or prison policies (or other state law), he fails to state a claim upon which relief may be granted under § 1983. It is well-settled that violations of state law or policy do not provide a basis for relief under § 1983. *See, e.g., Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States"). Section 1983 does not provide redress for violations of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995).

Fourth, to the extent that Plaintiff asserts that his rights were violated due to verbal harassment, he fails to state a claim upon which relief may be granted. Allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are

insufficient to support a section 1983 claim...."); *Montgomery v. Harper*, No. 5:14-CV-P38-R, 2014 WL 4104163, *2 (W.D. Ky. Aug. 19, 2014) ("[H]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation."). Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004). Verbal threats and abuse made in retaliation for filing grievances are also not actionable. *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002). Any claims alleging verbal harassment must therefore be dismissed.

Fifth, Plaintiff fails to state an Eighth Amendment claim arising from the searches of his cell. Prison cell searches are a critical part of prison security and prisoners do not have a protected liberty interest to be free from cell searches. *See generally Hudson v. Palmer*, 468 U.S. 517 (1984). Prisoner also do not have a legitimate expectation of privacy such that "the Fourth Amendment's proscription against unreasonable searches does not apply within the confines of the prison cell." *Id.* at 526. To state an Eighth Amendment claim for cruel and unusual punishment, an inmate must show that he or she has been subject to the "unnecessary and wanton infliction of pain" or has been deprived "of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 9

(1992).

In this case, even if Plaintiff's allegation that defendant Myers (or any other defendant) searched his cell four times over two months leaving it in disarray and damaging his property (hygiene items/soap, pictures) to harass him is true, such conduct, while unprofessional, is insufficient to establish cruel and unusual punishment under the Eighth Amendment. *See Rafferty v. Trumbull Cty., Ohio*, 915 F.3d 1087, 1093-94 (6th Cir. 2019) ("The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the unnecessary and wanton infliction of pain."); *George v. Ballard*, No. 17-5161, 2017 WL 7550768, *2 (6th Cir. Aug. 23, 2017) ("We have consistently recognized that harassing behavior from prison officials does not alone rise to the level of cruel and unusual punishment."); *Johnson v. Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004) (harassing behavior was insufficient to establish an Eighth Amendment violation); *see also Roper v. Johnson*, No. 2:19CV02061, 2020 WL 224601, *2-3 (N.D. Ohio Jan. 15, 2020) (dismissing prisoner's claim that search of his cell and destruction of his property constituted cruel and unusual punishment); *Williams v. Washington*, No. 2:18-cv-144, 2018 WL 6190497, *12 (W.D. Mich. Nov. 28, 2018) (frequent cell searches and pat downs did not rise to the level of an Eighth Amendment violation); *Wiley v. Kentucky Dep't of Corr.*, No. CVI. A. 11-97-HRW, 2012 WL 5878678, *12 (citing *Johnson*, 357 F.3d at

545-46, and ruling that prisoner's allegation that prison official searched his cell to harass him, not to maintain security, fails to state a plausible claim for cruel and unusual punishment under the Eighth Amendment). As the Sixth Circuit has stated, "not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Plaintiff fails to state a claim upon which relief may be granted as to this issue.

Sixth, to the extent that Plaintiff asserts that his rights were violated because his prison cell was left in disarray and some of his hygiene items or other property was damaged, he fails to state a claim upon which relief may be granted under § 1983. The negligent or intentional deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). To maintain a § 1983 action "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Plaintiff neither alleges nor establishes that Michigan's judicial remedies are inadequate or that it would be futile to present his claim in the state courts. A prisoner may petition the Prisoner Benefit Fund for compensation, MDOC Policy

Directive 04.07.112, ¶ B (eff. Dec. 12, 2013), submit a claim for property loss of less than $1,000 to the State Administrative Board, Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013), and/or bring a tort or contract action in the Court of Claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies," Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit has ruled that Michigan provides adequate post-deprivation remedies for property loss. *See Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). Plaintiff thus fails to state a claim upon which relief may be granted as to this issue.

Seventh, the defendants, who are employees of the MDOC, are entitled to Eleventh Amendment immunity on Plaintiff's claims against them in their official capacities. The Eleventh Amendment to the United States Constitution bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in federal court, *Johnson*, 357 F.3d at 545 (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th

Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a State and its agencies. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

The MDOC, a Michigan government agency, is entitled to Eleventh Amendment immunity. *See Harrison*, 722 F.3d at 771 (citing cases); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005). The defendants, who are employees of the MDOC and are sued (in part) in their official capacities, are thus entitled to Eleventh Amendment immunity. *See Will*, 491 U.S. at 70-71; *Johnson*, 357 F.3d at 545. Plaintiff's claims for monetary damages and non-prospective injunctive relief against the defendants in their official capacities must therefore be dismissed.

Lastly, to the extent that Plaintiff alleges that the cell searches were conducted in retaliation for his filing of grievances or complaints and identifies defendants Myers, Ernesto Salinas, and Hull as

11

responsible for those actions, he states a plausible claim under the First Amendment. Such claims are not subject to summary dismissal. While Plaintiff may or may not ultimately prevail on his retaliation claims, he pleads sufficient facts to state potential claims for relief.

### III. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under § 1983 against defendants San Pedro Salinas, Vashaw, Lamentola, Carl, Walworth, Jacobs, and Dyer. Accordingly, the Court **DISMISSES** those defendants from this action. The Court also concludes that Plaintiff fails to state claims upon which relief may be granted under § 1983 concerning the denial of his grievances, alleged violations of MDOC or prison policies (or other state law), alleged Eighth Amendment violations for verbal or cell search harassment, and the destruction of his property. Accordingly, the Court **DISMISSES** those claims from this action.

The Court further concludes that the defendants are entitled to Eleventh Amendment immunity. Accordingly, the Court **DISMISSES** Plaintiff's claims for monetary damages and non-prospective injunctive relief against the defendants in their official capacities.

Additionally, the Court concludes that Plaintiff's claims against the remaining defendants, Ernesto Salinas, Hull, and Myers, alleging that the cell searches were retaliatory survive the Court's initial screening

12

under 28 U.S.C.§§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

Dated: January 18, 2022             s/Terrence G. Berg
                                    TERRENCE G. BERG
                                    UNITED STATES DISTRICT JUDGE