UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ERIC MONTANEZ,**<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**ERNESTO SALINAS, et al.,**<br><br>　　　　　Defendants. | **2:21-CV-11645-TGB-KGA**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(1), (2), (3) (ECF NO. 36)** |

This matter is before the Court on Plaintiff Eric Montanez's pro se Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(1), (2), (3). ECF No. 36. For the reasons that follow, Plaintiff's motion will be **DENIED**.

## I.　BACKGROUND

Plaintiff Eric Montanez, presently confined at the Macomb Correctional Facility ("MRF") in Lenox Township, Michigan,[1] proceeding pro se, filed this action in 2021 against ten Michigan Department of Corrections ("MDOC") Defendants, all then staff at the St. Louis Correctional Facility ("SLF"). He alleges that while he was housed at

---

[1] The Court notes that Plaintiff's current address listed on the Court's docket at the Chippewa Correctional Facility is incorrect and Orders that Plaintiff's address be updated to reflect his current confinement location at the Macomb Correctional Facility, 34625 26 Mile Road, Lenox Township, Michigan 48048.

SLF, Defendants retaliated against him for filing grievances by conducting prison cell searches to harass him and issuing a misconduct ticket. He seeks injunctive relief and monetary damages. ECF No. 1.

On January 18, 2022, the Court summarily dismissed Montanez's claims against seven Defendants and dismissed several claims for failure to state a claim, leaving only Montanez's First Amendment claims against Defendants Ernesto Salinas, Brandon Hull, and A. Myers that the cell searches were retaliatory. ECF No. 6. The Court then referred all pretrial matters to Magistrate Judge Kimberly G. Altman. ECF No. 16. On November 16, 2023, Magistrate Judge Altman entered a report and recommendation to grant the three remaining Defendants' unopposed motion for summary judgment and to dismiss Montanez's remaining First Amendment retaliation claims. ECF No. 33. No objections were filed to the Report and Recommendation, which this Court adopted on December 19, 2023. ECF Nos. 34, 35.

Over a year and a half later, on July 17, 2025, Montanez filed the instant Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(1),(2),(3). ECF No. 36. As best the Court can discern, Montanez complains generally that designation of inmates "as members of security threat (S.T.G.)" is discriminatory against minority inmates, that "personal property was confiscated and destroyed" "during a routine shakedown," and he broadly alleges that Defendants' actions constitute "fraud upon the Court." *Id.* PageID.410–12.

2

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or if based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6).

There are time limitations governing the filing of a Rule 60(b) motion. Rule 60(c) states that a motion under Rule 60(b) "must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). In any circumstances, motions under subsections (1), (2) and (3), cannot be filed more than one year after the judgment was entered. *Id.*

Rule 60(b)(6) serves as a "catchall" provision to provide relief from judgment for reasons that are not explicitly enumerated by Rules 60(b)(1)–(5). *Kemp v. United States*, 596 U.S. 528, 533 (2022). Unlike the one-year time limit to file a motion under Rule 60(b)(1), a party must seek

3

relief under Rule 60(b)(6) within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Importantly, "courts must apply Rule 60(b)(6) relief only in 'unusual and extreme situations where principles of equity *mandate* relief.'" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original)). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

### III. DISCUSSION

Montanez states that his July 17, 2025 motion for relief from judgment is filed pursuant to Fed. R. Civ. P. 60(b)(1), (2), (3). ECF No. 36). Because that motion was filed well over one year after the judgment was entered in this case on December 19, 2023, ECF No. 35, it will be **DENIED** as untimely. *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003) ("Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment."). "While pro se litigants are afforded significant leeway, those who proceed without counsel must still comply with the procedural rules that govern civil cases." *Frame v. Superior Fireplace*, 74 F. App'x 601, 603 (6th Cir. 2003) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

4

To the extent Montanez's motion can be construed as seeking relief under the catch-all provision in subsection (6) of Rule 60, that relief will also be denied. While "[m]otions under Rule 60(b)(6) are not subject to [the] additional 1-year constraint" imposed by Rule 60(c)(1), a Rule 60(b)(6) motion must still be filed "within a reasonable time." *Kemp*, 596 U.S. at 533 (quoting Fed. R. Civ. P. 60(c)(1)). Moreover, even assuming a Rule 60(b)(6) motion was filed within a reasonable time, the movant cannot prevail unless they present "extraordinary or exceptional circumstances" warranting relief. *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985); *see also Kemp*, 596 U.S. at 533.

Reviewing Montanez's motion, the Court finds that Montanez is not entitled to relief under Rule 60(b)(6). He has not shown that he filed the motion within a "reasonable time" as required by Rule 60(c)(1). The Sixth Circuit has explained that the reasonable time inquiry depends on the factual circumstances and the "moving party must articulate a reasonable basis for delay." *Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014). Here, Montanez fails to assert *any* reason for the delay in filing the instant motion, *see* ECF No. 36, and his motion therefore will be denied. *Kelmendi v. Detroit Bd. of Educ.*, 780 F. App'x 310, 313 (6th Cir. 2019) (Rule 60(b)(6) motion was untimely where the plaintiff was on notice of purported legal reasoning errors "almost eleven months before his Rule 60(b)(6) motion and "offers no reason for his delay").

5

Furthermore, Montanez has failed to provide clear and convincing evidence of any exceptional or extraordinary circumstances that would warrant granting relief under Rule 60(b)(6). *See Olle*, 910 F.2d at 365. While he broadly contends "Defendants' unconscionable plan or scheme which is designed to improperly influence the court in its decision is fraud upon the court," ECF No. 36, PageID.412, Montanez has wholly failed to identify any fraudulent statements or conduct by any of the Defendants in this case, or any other actions that could constitute fraud upon the court. Because Montanez has failed to cite any unusual or extreme circumstances where principles of equity mandate relief, his motion will be **DENIED.**

## IV. CONCLUSION

For the reasons above, Plaintiff Eric Montanez's Motion for Relief from Judgment, ECF No. 36, is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: January 7, 2026     /s/Terrence G. Berg
                           HON. TERRENCE G. BERG
                           UNITED STATES DISTRICT JUDGE

6